In the Matter of JESSE CORSOVER, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, December 8, 1964.

*Henry Weiner (Walter H. Schulman* with him on the brief), attorney for petitioner.

*Jesse Corsover,* respondent in person.

*Per Curiam.* The respondent in this disciplinary proceeding was admitted to practice in the Second Department on October 22, 1947, and thereafter became engaged in conducting principally a practice in the negligence field with offices in the First Department. The charges in these proceedings stem from alleged professional misconduct and irregularities in his negligence practice.

The first charge in the petition alleges that, on October 6, 1961, the respondent was convicted after trial in a Court of

Special Sessions of the City of New York upon all five counts of an information charging him in the first count with conspiracy in violation of section 580 of the Penal Law, in three counts of separate crimes of soliciting business in behalf of an attorney in violation of section 270-a of the Penal Law and in one count in violation of section 270-d of the Penal Law, relating to employment by an attorney of a person to aid, assist or abet in the solicitation of a retainer. It is further alleged that the respondent was sentenced on November 3, 1961 on the first count to payment of $500 or 30 days in City Prison plus 90 days in workhouse, with the workhouse sentence suspended, and on the second, third, fourth and fifth counts to 90 days in the workhouse with execution of such sentence suspended. These allegations of the petition are not denied or controverted in any way by the respondent. In any event, they are a matter of record. Furthermore, it appears that the respondent appealed the conviction to this court where it was unanimously affirmed, without opinion (*People* v. *Corsover,* 18 A D 2d 1137).

The aforesaid conviction of the respondent establishes such professional misconduct in the matter of soliciting retainers to prosecute personal injury claims as to warrant most severe disciplinary action. (*Matter of Levine,* 254 App. Div. 165. See, also, *Matter of Rothenberg,* 18 A D 2d 397.)

In addition to the foregoing charge, the Referee, to whom the matter was referred for the taking of proof, has reported findings and conclusions sustaining charges of submitting a false statement of loss of earnings in a personal injury claim, of submitting false bills of particulars in personal injury actions, of improper distribution of settlement moneys received on personal injury claims, and of failures to file statements of retainer and closing statements in connection with such claims. The Referee's report is fully supported by the evidence.

Certainly, these charges constitute professional misconduct and " [i]n their cumulative effect, they represent a pattern of misconduct which calls for severe discipline ". (*Matter of Fata,* 22 A D 2d 116). (See, also, *Matter of Greenberg,* 19 A D 2d 375; *Matter of Lemkin,* 17 A D 2d 550; *Matter of Gladstone,* 16 A D 2d 512, 17 A D 2d 770, mot. for lv. to app. den. 12 N Y 2d 644; *Matter of Shields,* 16 A D 2d 50, mot. for lv. to app. den. 11 N Y 2d 648; *Matter of Epstein,* 11 A D 2d 353; *Matter of Weitz,* 11 A D 2d 76, affd. 9 N Y 2d 735; *Matter of Wysell,* 10 A D 2d 199.)

The Referee's report should in all respects be confirmed. Thereupon and upon the record, which demonstrates respond-

ent's unfitness to remain in practice as an attorney, he should be disbarred.

BOTEIN, P. J., RABIN, VALENTE, STEVENS and EAGER, JJ., concur.

Respondent disbarred effective January 8, 1965.